# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal Action No. 3:99CR312–HEH |
| ) | |
| ALPHELIOUS ANTIONE ROOKS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

By Memorandum Opinion and Order entered on May 7, 2004, the Court denied a motion to vacate under 28 U.S.C. § 2255 filed by Alphelious Rooks. (ECF Nos. 112, 112.) On December 7, 2004, the United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part, Rooks's appeal. (ECF No. 130); *United States v. Rooks*, 117 F. App'x 237 (4th Cir. 2004).

On March 4, 2019, the Court received from Rooks a Motion to Re-open Judgment under Rule 60(b) ("Rule 60(b) Motion," ECF No. 217).[1] Rooks argues that under Rule 60(b)(4) the Court's prior denial of his § 2255 Motion is void, and under Rule 60(b)(6)

---

[1] Federal Rule of Civil Procedure 60(b)(4) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> ....
> (4) the judgment is void;
> ...
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) & (6).

relief should be granted, because the Court purportedly decided his claim of ineffective assistance of counsel on the prejudice prong and did not discuss whether counsel was deficient and also failed to hold an evidentiary hearing.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Rooks was required to file his motion within a reasonable time after the entry of the May 7, 2004 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Rooks's Rule 60(b) Motion, filed nearly fifteen years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, Rule 60(b) is an extraordinary

2

remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

Rooks fails to offer any persuasive argument as to why this Court should find that his Rule 60(b) Motion was filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary not jurisdictional). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Rooks fails to demonstrate that extraordinary circumstances warrant review of the Court's dismissal of his § 2255 Motion or that he has a meritorious claim.

Accordingly, the Rule 60(b) Motion (ECF No. 217) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: May 30, 2019
Richmond, Virginia