IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:99-cr-312-2–HEH |
| | ) | |
| ALPHELIOUS ROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION
### (Affirming the Magistrate Judge's Detention Order)

This matter is before the Court on Alphelious Rooks' ("Defendant") Motion to Revoke the Detention Order (the "Motion," ECF No. 295), filed on November 23, 2022. On November 16, 2022, Magistrate Judge Mark R. Colombell held a detention hearing, denied Defendant pretrial release, and ordered that Defendant be detained pending his hearing on a Petition on Supervised Release. (Order, ECF No. 294.) Thereafter, Defendant filed the instant Motion, moving the Court to revoke the Order of detention and issue an order authorizing pretrial release.

Defendant contends that the evidence presented at the detention hearing demonstrated that he is not likely to flee (*id.* at 2–4) and does not pose a danger to the community (*id.* at 4–5). The parties have filed memoranda in support of their respective positions and waived a hearing on the matter. The Motion is now ripe for the Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not

aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the reasons stated below, the Court will affirm the Magistrate Judge's pretrial detention order.

## I. BACKGROUND

In 2000, Defendant was convicted at trial on multiple counts based on his involvement in the murder of Reynold Forde and was sentenced to life imprisonment. (ECF Nos. 61, 72.) Defendant's life sentence was subsequently reduced (ECF No. 271), and he commenced his term of supervised release on August 5, 2021. Defendant appeared by summons on a Petition alleging a supervised release violation (ECF No. 275), on October 19, 2022. At that time, the allegations were that Defendant had tested positive for controlled substances, and had been arrested and charged in Chesterfield County, Virginia, with possession of controlled substances. (*Id.* 2–3.) Because the state court hearing was set for December 13, 2022, the Government agreed to the Defendant's release on conditions of home curfew and electronic monitoring. (Gov't's Resp. in Opp'n ¶ 1, ECF No. 296.)

On October 27, 2022, merely eight days after being released on those conditions, Defendant reported to the United States Probation Officer for a drug screen and attempted to falsify his urine sample by providing dog urine from a squeeze bottle taped to his penis. (*Id.* ¶ 2.) Defendant finally turned over the squeeze bottle after being confronted by two Probation Officers. (*Id.*) When the Probation Officers were finally able to collect Defendant's urine, the urine tested positive for cocaine and fentanyl. (Addendum at 2, ECF No. 283.)

On November 16, 2022, after waiving his probable cause hearing, Defendant, through counsel, moved the Court for his release. Magistrate Judge Colombell found that Defendant had not met his burden by clear and convincing evidence that he did not pose a risk of flight or danger to the community and ordered that Defendant be held pending his hearing on December 16, 2022. (ECF No. 294.) No witnesses were called at this hearing, and Defendant waived the finding of probable cause for the Petition (ECF No. 275) and Addendum (ECF No. 283). While Defendant, through his counsel, proffered some evidence, the United States took no position on the proffer. Magistrate Judge Colombell found that Defendant did not meet his burden, given that he had previously been released and only eight days later re-offended.

In support of his release, Defendant alleges that he is not likely to flee (Mot. at 2–4) and does not pose a danger to the community (*id.* at 4–5). As elaborated below, the Court finds that Defendant has not provided a compelling rationale to permit his release and will affirm the Magistrate's detention order.

## II. STANDARD OF REVIEW

"A defendant ordered detained by a magistrate may seek de novo review in the district court." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citing 18 U.S.C. § 3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v.*

3

*Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citation omitted); *see also United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citations omitted).

When a defendant seeks release pending sentencing, a court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release." 18 U.S.C. § 3143(a). To determine whether a person is a flight risk or danger to the community, "courts consider the following factors: (1) the nature and circumstance of the offense charged; (2) the defendant's history and personal characteristics; (3) whether, at the time of the offense, the accused was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community posed by the individual's release." *United States v. King*, No. 4:19-cr-77, 2020 WL 1915241, at *2 (E.D. Va. Apr. 20, 2020) (citing 18 U.S.C. § 3142(g)).

Courts may impose pretrial detention if the court lacks "reasonable assurance of either the defendant's appearance or the safety of others or the community." *Stewart*, 19 F. App'x at 48; *see also King*, 2020 WL 1915241, at *2 ("The Bail Reform Act of 1984 provides that a defendant shall be detained pending trial if a Court finds, by clear and convincing evidence 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" (quoting 18 U.S.C. § 3142(e)).

## III. DISCUSSION

While the Court operates under the presumption that Defendant should be detained pending sentencing pursuant to § 3143(a), the Court may permit Defendant to be released on supervision should the Court find, by clear and convincing evidence, there is a sufficiently compelling reason to permit release and Defendant's release is supported by the § 3142(g) factors. As to the first factor, the nature and circumstances of the offense charged, Defendant was arrested for violating the conditions of his release by testing positive for and possessing controlled substances. While this is not a particularly dangerous crime, the remaining factors do not weight in favor of Defendant's release.

Regarding the second factor, Defendant has a long criminal history, going back to when he was 14 years old. (Presentence Report at 7, ECF No. 204-1.) Defendant has numerous convictions for possession and distribution of controlled substances. (*Id.*) Defendant also has been convicted for many violent offenses, including using and carrying a firearm to commit murder during drug trafficking. (ECF No. 61.) Not only does Defendant have a long and violent criminal history, Defendant has recently—within the last two months—attempted to deceive Probation Officers by falsifying a urine sample. (Gov't's Resp. in Opp'n ¶ 1.) While it is commendable that Defendant has "never incurred a single additional charge during his two decades of incarceration," (Mot. at 4), Defendant's failure to comply with court-ordered conditions and intentional attempts to deceive Probation Officers make this Court seriously doubt that Defendant can comply with the conditions of release. Thus, the Court finds that the second and third § 3142(g) factors weigh in favor of affirming the detention order.

5

As to the final § 3142(g) factor, Defendant poses a serious threat to others and the community. He has an extremely violent criminal history that includes the participation in a murder. More recently, when attempting to falsify his urine sample, he initially refused to remove the squeeze bottle and only obeyed the Probation Officers' orders when a second Probation Officer arrived at the scene. The recent events leading up to Defendant's revocation paired with Defendant's criminal history suggest that Defendant poses a serious danger to the community.

## IV. CONCLUSION

In sum, the Court finds that there are no conditions that can be imposed to ensure the safety of the community and Defendant does not present extraordinary or compelling reasons to be released on conditions pending his revocation hearing. Accordingly, this Court will affirm the Magistrate Judge's Detention Order (ECF No. 294) and will DENY Defendant's Motion to Revoke the Detention Order.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec. 15, 2022
Richmond, Virginia